**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TISHA JACKSON, for herself and two classes, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DYNIA & ASSOCIATES LLC, SECOND | ) |
| ROUND LP and SECOND ROUND GP LLC, | ) |
| | ) |
| Defendants. | ) |

**CLASS ACTION COMPLAINT**

**INTRODUCTION**

1.      Tisha Jackson seeks redress from the unlawful collection practices of Dynia & Associates LLC ("Dynia"), Second Round LP ("Second LP") and Second Round GP LLC ("Second LLC"), contrary to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2.      Subject matter jurisdiction exists under 15 U.S.C. §1692k, and 28 U.S.C. §§1331 and 1337.

3.      Because each defendant does business here, and because their collection activities are directed at persons who live here, venue and personal jurisdiction in this District are proper.

**PARTIES**

4.      Jackson lives in Chicago, Illinois.

5.      Dynia, a law firm organized as an Illinois limited liability company, maintains offices at 4849 North Milwaukee Avenue, Suite 801, Chicago, Illinois 60630, and at 1400 East Touhy Avenue, Suite G2, Des Plaines, Illinois 60018.

6.      Dynia uses the U.S. Postal Service, and electronic and telephone wire services, to collect defaulted consumer debts originally owed to others, through collection letters and lawsuits it files on behalf of its clients.  It is a debt collector, as defined by 15 U.S.C. §1692a.

7.      Second LP, a Texas limited partnership, keeps its principal offices at 4150

1

Fredrich Lane, Suite I, Austin, Texas 78744.  Its registered agent is National Corporate Research Ltd., 520 South Second Street, Suite 403, Springfield, Illinois 62701.

8.      Second LP buys, and attempts to collect, defaulted consumer debts originally owed to others, using the U.S. Postal Service and electronic and telephone wire services to do so.  As part of its collection efforts, it sues consumers in Illinois courts; in 2014, it has filed over twenty such suits in Cook County courts alone.  (Exhibit A.)  It is a debt collector as defined by 15 U.S.C. §1692a, and has a collection agency license issued under 225 ILCS 425/4.

9.      On information and belief, Second LP directs how Dynia attempts to collect debts owned by Second LP.

10.      Second LLC, a Texas limited liability company, keeps its principal offices at 817 The High Road, Austin, Texas 78146. It is the sole general partner of Second LP.

### FACTS

11.      Dynia sent Jackson the letter marked as Exhibit B on June 30, 2014, to collect an debt allegedly owed to Second LP, on a credit card account Second LP purchased.  The alleged debt, if it exists, was incurred for personal, family or household purposes.

12.      Exhibit B invited Jackson to pay online, stating that "a 3% credit card processing fee may be applied to your payment amount."

13.      Under the Illinois Collection Agency Act, collection agencies are prohibited from "collecting or attempting to collect any interest or other charge or fee in excess of the actual debt or claim unless such interest or other charge or fee is expressly authorized by the agreement creating the debt or claim unless expressly authorized by law or unless in a commercial transaction such interest or other charge or fee is expressly authorized in a subsequent agreement...."  225 ILCS 425/9(a)(29).

14.      The "credit card processing fee" mentioned in Exhibit B was not authorized by the agreement creating the alleged debt.  Therefore, it may not be imposed.

15.      15 U.S.C. §1692e provides that

**a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the**

2

**general application of the foregoing, the following conduct is a violation of this section....**

> **(2)    The false representation of –**
>
> > **(A)    the character, amount, or legal status of any debt; or**
> >
> > **(B)    any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.... [or]**
>
> **(10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....**

16.    15 U.S.C. §1692f provides that

> **a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section....**
>
> > **(1)    The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law....**

## VIOLATION ALLEGED

17.    15 U.S.C. §§1692e and 1692f are violated by the statement in Exhibit B that, if the alleged debt were paid by a credit card, "a 3% credit card processing fee may be applied to your payment amount," because such a fee was (A) not authorized by the agreement creating the debt and (B) not permitted by law.

18.    Each defendant is jointly and severally liable for the alleged violation.

## CLASS ALLEGATIONS

19.    Jackson seeks relief for two classes, under Fed.R.Civ.P. 23(b)(3).

20.    Class One includes all individuals with Illinois addresses to whom Dynia & Associates LLC sent a letter in the form represented by Exhibit B, seeking to collect a consumer debt allegedly owed to any creditor, where the agreement creating the debt authorized no credit card processing fee (or similar charge), if the letter was sent on any date between (A) one year before and (B) twenty days after the commencement of this action.

21.    Class Two includes all members of Class One who received a letter in the form

represented by Exhibit B which sought collection of a consumer debt allegedly owed to Second Round LP.

22.     On information and belief, both classes have so many members that joinder of all of them is impracticable.

23.     Members of both classes share factual and legal questions in common, which predominate over any individual questions they might have.  These questions are (A) whether the "credit card processing fee" sought in the collection letter is legal, and (B) whether a letter representing that unauthorized fees may be charged violates the FDCPA.

24.     Jackson's claims are typical of the claims held by members of the classes, as they are based on the same facts and legal theories.

25.     Jackson will fairly and adequately represent the classes.  She has no interests which conflict with those held by members of the classes, and has retained counsel experienced in class actions and FDCPA litigation.

26.     Classwide treatment is superior to other claim resolution methods, as (A) individual actions are not economically feasible, (B) members of the classes likely do not know their rights, and (C) Congress saw class actions as the principal way to enforce the FDCPA.

WHEREFORE, judgment in favor of plaintiff and the classes should be entered, awarding

(A)     statutory damages,

(B)     actual damages to all those charged credit card processing fees,

(C)     attorney's fees, litigation expenses and costs, and

(D)     all other proper relief.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Thomas E. Soule
EDELMAN COMBS LATTURNER & GOODWIN LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

4

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any  recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein,  any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very  relevant to the litigation of this claim. If defendants are aware of any third party that has  possession, custody, or control of any such materials, plaintiff demands that each defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the  scope of any independent document preservation duties of the defendants.

/s/ Daniel A. Edelman
Daniel A. Edelman